The opinion of the Court was deliyered by
Whitner, J.
Both parties appeal in this case, and in delivering the judgment of this Court, I will first dispose of the motion submitted by the defendants.
Their ground of appeal involves a question of law and one of fact. An assignment “in the largest terms including all his estate, real and personal,” it is said in the brief, was made by one of the plaintiffs for the benefit of his creditors. This assignment it is insisted, interposes an obstacle fatal to the maintenance' of the present suit. Though previous to the institution of the suit it was subsequent to the injury complained of. As present title was in no way drawn in controversy, or necessary to the cause of action, the mere change of property in the slaves could make no difference.
Did the claim for damages, being an action on the case, pass by the assignment, and render indispensable the introduction of another party not now before the Court ?
As a general principle a mere chose in action is not assignable at law. Com. Dig. Assignment, C.; 1 D. & E. 26; 3 D. & E. 174. It is a thing incorporeal, having no real existence or being, “ a bare right without occupation or enjoyment.”
*471 Whatever be the reason on which the rule rests, as applicable to a case like the present, a suit for damages arising in tort, it is eminently proper. The right to recompense for such an injury in no way enures to creditors, and may be waived without just complaint on their part, and surely no one would entertain for a moment the idea that a debtor would forfeit his right to a discharge because of his waiver or release, or refusal to assign.
Assignments are creatures of legislation, and hence by statute rights are conferred and facilities afforded materially enlarging the common law doctrine.
In Smith vs. Cook, 2 McM. 58, it was held, that “in all cases where the assignee may sue in his own name, it is by virtue of some statutory regulation,” and a nonsuit was granted, suit being brought in name of one who was assignee of a bond given under the Trover Act of 1827, there being no provision conferring such authority. Again, in Coachman vs. Hunt, 2 Rich. 450, it was held, that where this authority was given, as under our Act of 1798, it was permissive only, and not compulsory, and therefore the assignee was permitted to elect, whether to sue in his own name or in that of the assignor. The Act of 1828, regulating the assignments of debtors, makes no such provision; hence, under it, the practice of using the name of the assignor. Such rules and usages are in conformity with the rule in reference to equitable assignments. The objection to plaintiff’s action in this point of view cannot-therefore avail the defendants.
The motion for a nonsuit is further pressed, because of the want of proof of any unlawful interference by defendants with the property of plaintiffs. The prerogative of withholding a case from the jury, for manifest reasons is to be exercised with great caution. These reasons press with still greater force when the jury have already spoken. Although the evidence was very slight, we cannot say the verdict was without proof. The jury are the proper judges of the sufficiency of circumstantial evidence *472 to support the allegations made. Upson vs. Horn, 3 Strob. 110. As to the defendants, therefore, the verdict must stand.
Turning to the complaint made by the plaintiffs, it is evident that the first ground of appeal is founded in total misapprehension of the instructions to the jury on the point referred to. The correction is found in the Judge’s report.
This Court is wpll satisfied that a larger measure of redress is claimed in the second ground than can be accorded as matter of law. The true points of inquiry were carefully and correctly presented by the Judge on Circuit. The views submitted in the brief sufficiently indicate the principles involvéd and now approved by this Court. The assault made in argument, has failed to satisfy this tribunal of any inconsistency in the verdict of the jury, or that the sum found falls short of a full compensation for any wrong done to plaintiffs for which defendants should be held to answer. I do not propose, however, to go fully into these questions. The facts may have well warranted a distinction as amongst the slaves themselves in fixing a measure of damages. The jury may have reached the conclusion justly from the proof, that the appearance of two was well calculated to deceive the vigilant, and that negligence on the part of the Company could not be inferred. Again, a review of the facts shows an extensive margin as to the true value of just such property, as well as the quantum of damages to which these owners were entitled. The precise agency of defendants in bringing about the loss, the extent of that loss itself, not being an act amounting to destruction of the property, or as shown, even placing it beyond future reclamation; taking the whole case it was peculiarly for the-jury, and this Court w'ill only add its conviction that these plaintiffs have been liberally dealt with. In such a case it by no means follows, as has been contended, that the measure of damages was the full value of the property. Bailey vs. Jeffords, 2 Spear, 273, reaffirming Richardson vs. Dukes, 4 M’C. 156, well illustrates the distinction. In cases of tort where the *473 property is destroyed, its value furnishes the measure of damages. In torts other than for the destruction of property, no specific measure of damages can he laid down. The cases cited certainly cannot help the plaintiffs in their present motion. In one of the cases already referred to, the slave had been killed by shooting, and the verdict of the jury was one dollar, and in the other a like verdict was rendered where a cow and hog had been killed. In Wise vs. Freshly and Veal, 3 McC. 547, a slave worth one thousand dollars was drowned through the guilty neglect of the defendants, and the verdict was for one cent. In these cases new trials were granted because the verdicts of the jury were manifestly capricious.
The motion of the defendants for nonsuit, as also the motion of the plaintiffs for a new trial, are each dismissed.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motions dismissed.